**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:                                                              Case No. 07-15510
                                                                                      Hon. Gerald E. Rosen

Stephen J. Sapienza,
                                                                                      Bankr. Case No. 07-32486
        Debtor.                                                    Chapter 13
_____/                      Hon. Daniel S. Opperman

**OPINION AND ORDER AFFIRMING
<u>BANKRUPTCY COURT'S ATTORNEY FEE AWARD</u>**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on September 30, 2009

PRESENT: Honorable Gerald E. Rosen
                             Chief Judge, United States District Court

      Following a December 11, 2007 hearing, the Bankruptcy Court issued a December 14, 2007 order awarding $4,459.50 in fees and $160.72 in costs to counsel for Debtor Stephen J. Sapienza. This order reflected a reduction of $970.00 from the $5,429.50 in fees sought by Debtor's counsel, based on the Bankruptcy Court's determination that counsel should be reimbursed for only one hour of travel time for appearances at a creditors' meeting and a court hearing, as opposed to the 2 and 2.5 hours of travel time, respectively, for which counsel sought reimbursement.[1] Counsel has appealed from this fee award, arguing that the Bankruptcy Court abused its discretion by purportedly adopting an arbitrary *per se* cap upon attorney compensation for travel time. For the

---

[1]This reduction was offset to some extent by the Bankruptcy Court's award of $122.50 in costs beyond the $38.22 requested by Debtors' counsel, with this additional amount based on the number of miles traveled by counsel for the two appearances at issue.

reasons set forth below, the Court readily concludes that the challenged fee award should be affirmed.

As counsel acknowledges, this Court "will not reverse a bankruptcy court's award of fees unless there has been an abuse of discretion." *Boddy v. United States Bankruptcy Court (In re Boddy),* 950 F.3d 334, 336 (6th Cir. 1991). The Bankruptcy Court has "broad discretion" in determining an appropriate fee award, *see Manufacturers National Bank v. Auto Specialties Manufacturing Co. (In re Auto Specialties Manufacturing Co.),* 18 F.3d 358, 362 (6th Cir. 1994), and this Court cannot overturn this award unless "the bankruptcy court fail[ed] to apply the proper legal standard and procedure in making the fee determination or base[d] the award on clearly erroneous findings," *Solomon v. Wein (In re Huhn),* 145 B.R. 872, 875 (W.D. Mich. 1992).

In challenging the fee award in this case, counsel does not question the Bankruptcy Court's factual findings. Nor does (or could) counsel fault the procedure employed by the Bankruptcy Court, which held a hearing and throughly explained the grounds for its determination. Rather, counsel's sole contention in the present appeal is that the Bankruptcy Court applied a *per se* rule or "custom" limiting attorney compensation for travel time to one hour. In counsel's view, this *per se* rule reflects an arbitrary and impermissible departure from the standards set forth at 11 U.S.C. § 330 and elucidated by the Sixth Circuit in *Boddy,* 950 F.2d at 337-38, for determining an appropriate fee award.

This Court cannot agree. In determining the amount of the fee award in this case, the Bankruptcy Court heard the arguments of Debtors' counsel regarding compensation

for travel time, and then proceeded to address these arguments, the relevant case law, and the factors identified by the Sixth Circuit in *Boddy*. (*See* 12/11/2007 Hearing Tr. at 3-10.) The court cited a number of grounds for its decision to limit the compensation of Debtors' counsel to one hour of travel time per day, including (i) the "nature of this case," with the court determining that it was not "a unique case that would require a great deal of unique services," (ii) the need to balance the interest in "paying attorneys for their time" against "making sure that debtors and creditors alike receive the full value that they can receive in a Chapter 13" proceeding, (iii) the ability of attorneys to factor distance to the court into their fee estimates, and (iv) the fact that the resulting fee award, even with the reduced compensation for travel time, still exceeded both the "typical" flat fee of $3,000 and the elevated flat fee of $3,500 for Chapter 13 cases featuring "special circumstances." (*Id.* at 7-10.) The court further observed, at two different points, that it had "struggled with the issue of travel time," but nonetheless determined that a reduction to one hour of travel time still provided appropriate compensation to Debtors' counsel for services that were "necessary and beneficial to either the debtor's estate or the debtor." (*Id.* at 8.)

This Court fails to see how this ruling could be viewed as the rote or arbitrary application of a *per se* rule. While the Bankruptcy Court relied in part on general observations about the ability of attorneys to factor travel time into their fee estimates and rates, and further noted the historical practice not to compensate attorneys for travel time, it also addressed a number of case-specific considerations, including the size of the overall fee award versus "typical" awards and the fact that the case did not pose any

3

particular challenges to counsel.  Under this record, the Bankruptcy Court cannot be said to have deviated from the standards and approach outlined by the Sixth Circuit in *Boddy*. Much as Debtors' counsel might disagree with the way in which the Bankruptcy Court weighed and calibrated the factors it considered, a disagreement of this sort — *i.e.,* with the result reached, and not the method employed — does not establish an abuse of the Bankruptcy Court's broad discretion in setting an appropriate fee award.

To be sure, Debtors' counsel makes much of Judge Opperman's reference in another case to a "custom we have of this Court to allow for an hour of travel time." (*See In re Mills,* Case No. 06-31063, 3/13/2007 Hearing Tr. at 7.)  Yet, this Court's present concern is only with Judge Opperman's ruling in ***this*** case, and the fee award here, as explained, did not rest merely on the Bankruptcy Court's invocation of a "custom" of limiting attorney compensation to an hour of travel time.  To the contrary, Judge Opperman's thorough and case-specific explanation of his fee award is a hallmark of a court's exercise of its discretion, as opposed to an abdication of this discretion.

Finally, Debtors' counsel notes the tension between Judge Opperman's fee award here and a ruling by his colleague, Chief Judge Rhodes, that "the compensation to which an attorney in this district is entitled includes compensation at the attorney's full hourly rate for travel time" that is reasonable, necessary, and beneficial to the administration of the estate.  *In re Braddy,* 195 B.R. 365, 367-68 (Bankr. E.D. Mich. 1996) (footnote omitted).  Yet, Judge Opperman was not bound to follow another Bankruptcy Judge's calibration of the various policy considerations favoring and opposing the compensation

of attorneys for travel time, but was free to reach a different conclusion on this question. In the absence of binding appellate precedent, this sort of analysis is surely part of the broad discretion enjoyed by Bankruptcy Courts in setting reasonable fee awards. *See, e.g., Bachman v. Laughlin (In re McKeeman),* 236 B.R. 667, 672 (B.A.P. 8th Cir. 1999) (noting the varying approaches adopted by the courts on this question).

Moreover, the ruling in *In re Braddy* surely cannot be read as mandating full compensation to attorneys for travel time in each and every case. If so, this would be precisely the sort of *per se* rule that Debtors' counsel accuses Judge Opperman of applying here. Rather, even assuming that *In re Braddy* were viewed as establishing a presumptive "custom" that applies in this District, the Bankruptcy Court nonetheless would remain free to reach a different result as warranted by the facts of a particular case. As explained, this is precisely what the Bankruptcy Court did here, considering the circumstances of this case against the backdrop of the applicable law. Its resulting decision to reduce the fee award to allow for only one hour of travel time was not an abuse of discretion.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Bankruptcy Court's December 14, 2007 order awarding attorney fees and costs is AFFIRMED.

                s/Gerald E. Rosen
                Chief Judge, United States District Court

Dated: September 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2009, by electronic and/or ordinary mail.

                s/Ruth Brissaud
                Case Manager